AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern District of New York

SYSKA HENNESSY GROUP, INC.,

V.

YAMASAKI ~~INTERNATIONAL LLC~~ Associates, Inc.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 08 CV 02771

TO: (Name and address of Defendant)

Yamasaki ~~International LLC~~ Associates, Inc.
900 Tower Drive
Troy, Michigan

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Michael T. Rogers, Esq.
Suzan Arden, Esq.
Wasserman Grubin & Rogers, LLP
1700 Broadway
New York, NY 10019
(212) 581-3320

an answer to the complaint which is served on you with this summons, within __30__ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**

CLERK

(By) DEPUTY CLERK

DATE: MAR 17 2008

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                   Date                     *Signature of Server*

                                             _____
                                             *Address of Server*

---

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

Michael T. Rogers (MR-8813)
Suzan Arden (SA-4715)
WASSERMAN GRUBIN & ROGERS LLP
1700 Broadway
New York, New York 10019
(212) 581-3320
*Attorneys for Plaintiff Syska Hennessy Group, Inc.*

08 CV 02771

UNITED STATES DISTRICT COURT OF THE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SYSKA HENNESSY GROUP, INC.,           :

                Plaintiff,     :

    -against-                                          :

YAMASAKI ASSOCIATES, INC.,            :

                Defendant.    :
-----------------------------------------------------------X

RECEIVED
MAR 17 2008
U.S.D.C. S.D.N.Y.
CASHIERS

Index No. _____ Civ. _____ )

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff Syska Hennessy Group, Inc., by and through its attorneys Wasserman Grubin & Rogers, LLP, as and for its Complaint against Yamasaki Associates, Inc. respectfully alleges as follows:

**NATURE OF THE CASE**

1. Plaintiff Syska Hennessy Group, Inc. (hereinafter referred to as "Syska") commences this action seeking to recover the outstanding payments due and owing in the amount of $1,934,380.61 as a result of Yamasaki Associates, Inc. (hereinafter referred to as "Yamasaki") unwarranted failure to honor its obligations to remit payment. Despite Syska's repeated demands to Yamasaki for payment, Yamasaki wrongfully continues to withhold payment.

## THE PARTIES

2.   Syska was and is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York with its principal place of business located at 11 West 42nd Street, New York, New York.

3.   On information and belief, Yamasaki is a foreign corporation, duly organized and operated under and by virtue of the laws of the State of Michigan with its principal place of business located at 900 Tower Drive, Troy, Michigan.

## JURISDICTION AND VENUE

4.   Jurisdiction is proper in this Court under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the parties are citizens of different states.

5.   Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this claim arose in this District and because Plaintiff Syska's principal place of business is in this District.

## FACTUAL BACKGROUND

### The Project

6.   Upon information and belief, in or about May, 2006, Qatar Petroleum, acting on behalf of the Qatar Foundation for Education, Science and Community development (hereinafter collectively referred to as the "Owner"), awarded Baytur Construction & Contracting Company (hereinafter referred to as "Baytur") the contract to design and build the landmark National Convention Center located in Education City, Doha, Qatar (the "Project"). The Project was to be completed in thirty-three (33) months.

7. Upon information and belief, in or about May, 2006, Baytur retained Yamasaki to perform the necessary architectural services for the design of the Project and to retain the engineers required to design the related structural, civil, mechanical aspects of the Project.

### Syaka-Yamasaki Agreement

8. Thereafter, on or about May, 2006, Yamasaki retained Syska to provide certain engineering services for the Project (the "Agreement"). Specifically, Syska was to prepare the designs for the mechanical, electrical, plumbing, information technology, security, interior and exterior façade lighting, vertical transportation and fire alarm systems for the Project (the "MEP/FP Systems").

9. Pursuant to the Agreement, Yamasaki agreed to and was obligated to pay Syska an agreed upon lump sum fee of $4,690,100 for the performance of basic services ("Basic Services Fee") and Yamasaki would also reimburse Syska for the actual expenditures incurred relating to its services on the Project. The Basic Services Fee was calculated to cover the performance and completion of design services within a calendar period of approximately twelve (12) months.

10. Yamasaki also agreed to, and was obligated to compensate Syska for all additional services performed on the Project in accordance with Syska's hourly rate schedule for the personnel performing services on the Project ("Additional Services").

11. The Agreement further provided, *inter alia*, that:

   (i) Yamasaki was to remit payment to Syska within 5 working days of receipt from the Owner;

   (ii) Syska was permitted to cease all work for the Project if its invoices were not paid within 45 days of their submittal; and

3

    (iii)    Syska would be compensated as an Additional Service for any services provided as a result of changes requested by the Owner, Baytur and/or Yamasaki.

12. During the course of the Project, Yamasaki was also responsible to identify, coordinate and distribute the design parameters and related information it would receive from the Owner and Baytur for each of the MEP/FP Systems to be designed by Syska.

13. Though the Project was located in Qatar, all dealings by and between Syska and Yamasaki relating to the Agreement were conducted in New York. In fact, Yamasaki solicited Syska's New York office and the negotiations relating to the Agreement were conducted at meetings held in Syska's New York office.

14. Moreover, Syska services for the Project were also performed from its offices located in New York. These services included, but were not limited to:

- Review of architectural programming and existing schematic designs
- Preparation of design drawings
- Preparation of Specifications
- Calculation, specification, sizing and location of equipment
- Review of shop drawings
- Review and responses to Requests for Information (RFIs)
- Review of product data and samples
- Determination of equipment loads, ventilation and power requirements

15. Project communications between Syska and Yamasaki were dispatched from and directed to Syska's New York offices. The project design meetings were also conducted at Syska's New York offices. Moreover, other consultants such as the structural, theatre and acoustical consultants were located in New York.

### Yamasaki's Failures on the Project

16. Despite that it was of paramount importance for Yamasaki to timely distribute accurate information on the Project, Yamasaki, on numerous occasions had either failed to furnish, was late in providing and/or submitted inaccurate information to Syska. Consequently, Syska was forced to continually expend additional time for its personnel, which exceeded time allocated in the Basic Services Fee, to revise and re-work the design of the Mechanical/Operations Systems to accommodate the receipt of late and/or inaccurate information.

17. Moreover, the Owner, Baytur and Yamasaki issued numerous changes to the overall architectural design. These changes also impacted the design of the MEP/FP Systems and necessitated revisions to and additional work on the Project by Syska.

18. Pursuant to the Agreement, Syska was to be paid as Additional Services for the services performed to accommodate the changes in design and/or which resulted from the delays caused by Yamasaki in providing the required information for the Project. Syska proceeded with the performance of the Additional Services as requested by Yamasaki, and in reliance of the promises of Yamasaki to timely remit payment therefore.

19. Nevertheless, despite Syska's complete performance of its obligations, Yamasaki has failed and refused to remit payment for some of the Basic Services and the Additional Services performed by Syska on the Project. The outstanding amount due and owing is $1,934,380.61.

20. Despite repeated demands for payment, Yamasaki has embarked on a course of action to deny Syska the monies it is due on the Project.

21. Throughout its years in the international construction community, Syska has enjoyed a reputation as one of the premier mechanical engineering firms in the world. In fact, Syska has been involved in projects in over a dozen countries including Dubai, Saudi Arabia, Egypt, Macedonia, Korea, Iran, Turkey, Singapore, England, Taiwan, Nigeria and South Africa.

22. Yamasaki recognizes that Syska has completed 77% of the MEP/FP systems design for the Project.

### FIRST CAUSE OF ACTION

23. Syska repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "22" of this complaint with the same force and effect as if fully set forth at length herein.

24. There exists a real and actual controversy between the parties herein concerning Yamasaki's continuing failure to remit payments due and owing to Syska in the amount of $1,934,380.61.

25. Syska duly performed and provided the work and services required by Yamasaki under the Agreement.

26. Pursuant to the terms and conditions of their Agreement, Syska was to receive from Yamasaki the sum of $5,113,198.56 for the Basic Services and Additional Services performed and its reimbursable costs incurred on the Project. To date, Yamasaki still owes Syska $1,934,380.61 under the Agreement.

27. Yamasaki has failed and refused to pay all or any part of said sum, except for $3,178,817.93, leaving a balance due of $1,934,380.61.

28. Despite full and complete performance by Syska, Yamasaki breached the Agreement by failing and refusing to pay the sum of $1,934,380.61 due and owing to Syska.

6

## SECOND CAUSE OF ACTION

29. Syska repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "28" of this complaint with the same force and effect as if fully set forth at length herein.

30. The fair and reasonable value for the services performed by Syska for Yamasaki at its specific instance and request totaled the sum of $5,113,198.56.

31. No part of the sum of $5,113,198.56, has been paid, except for the sum of $3,178,817.93, leaving a balance due of $1,934,380.61.

32. If it is determined that for any reason the Agreement does not govern performance, then Syska is entitled to be compensated in *quantum meruit* for the value of the work it performed which said unpaid amount is believed to be not less than $1,934,380.61.

33. By reason of the foregoing, there is due and owing to Syska from Yamasaki the amount of $1,934,380.61 with interest thereon, no part of which has been paid although duly demanded.

## THIRD CAUSE OF ACTION

34. Syska repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "33" of this complaint with the same force and effect as if fully set forth at length herein.

35. The services performed under the agreement were performed at the specific instance and request of Yamasaki.

36. The services performed under the agreement did enhance the value of the Property to the benefit of Yamasaki.

37. The fair and reasonable value for the services performed by Syska for Yamasaki at its specific instance and request totaled the sum of $5,113,198.56.

38. No part of the sum of $5,113,198.56 has been paid, except for the sum of $3,178,817.93, leaving a balance of $1,934,380.61.

39. Defendant Yamasaki has neglected and refused to pay Syska the aforementioned sum of $1,934,380.61 despite due demand therefor and has been unjustly enriched from the benefits bestowed upon it by Syska.

40. By reason of the foregoing, there is due and owing to Syska from Yamasaki the amount of $1,934,380.61 with interest thereon.

## FOURTH CAUSE OF ACTION

41. Syska repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "40" of this complaint with the same force and effect as if fully set forth at length herein.

42. Syska delivered to Yamasaki an invoice which detailed the total due and owing to Syska.

43. Defendant Yamasaki accepted said invoice without objection. This invoice became an account stated between Syska and Yamasaki in the total amount of $1,934,380.61 which Yamasaki has failed to pay to Syska.

44. By reason of the foregoing, there is due and owing to Syska from Yamasaki the amount of $1,934,380.61 with interest thereon.

**WHEREFORE**, Syska Hennessy Group, Inc. demands judgment against defendant Yamasaki Associates, Inc., as follows:

(i) on the First Cause of Action a judgment in the amount of $1,934,380.61 plus interest against defendant Yamasaki Associates, Inc.;

(ii) on the Second Cause of Action a judgment in the amount of $1,934,380.61 plus interest thereon against defendant Yamasaki Associates, Inc.;

(iii) on the Third Cause of Action a judgment in the amount of $1,934,380.61 plus interest thereon against defendant Yamasaki Associates, Inc.;

(iv) on the Fourth Cause of Action a judgment in the amount of $1,934,380.61 plus interest thereon against defendant Yamasaki Associates, Inc.; and

(v) for such other and further relief as this Court may deem just, proper and equitable including reasonable attorney's fees and the costs and disbursements incurred by Syska Hennessy Group, Inc. in the prosecution of this action.

Dated: New York, New York
       March 14, 2008

**WASSERMAN GRUBIN & ROGERS, LLP**

By: _____
    Michael T. Rogers (MR-8813)
    Suzan Arden (SA-4715)
*Attorneys for Plaintiff Syska Hennessy Group, Inc.*
1700 Broadway
New York, New York 10019
(212) 581-3320

Michael T. Rogers (MR-8813)
Suzan Arden (SA-4715)
WASSERMAN GRUBIN & ROGERS LLP
1700 Broadway
New York, New York 10019
(212) 581-3320
*Attorneys for Plaintiff Syska Hennessy Group, Inc.*

UNITED STATES DISTRICT COURT OF THE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SYSKA HENNESSY GROUP, INC.,

                Plaintiff,

      -against-

YAMASAKI ~~INTERNATIONAL LLC~~ Associates, Inc.,

                Defendant.
-----------------------------------------------------------X

Index No.

**RULE 7.1 STATEMENT**

Pursuant to Federal Rule of Civil Procedure 7.1 and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for Syska Hennessy Group, P.C., a private, non-governmental party, certifies that the following are corporate parents, affiliates and/or subsidiaries of said party which are publicly held:

NONE.

Dated: New York, New York
       March 14, 2008

                                     WASSERMAN GRUBIN & ROGERS, LLP

                                     By: _____
                                          Michael T. Rogers
                                          Suzan Arden
                                 1700 Broadway
                                 New York, New York 10019
                                 (212) 581-3320
                                 *Attorneys for Plaintiff Syska Hennessy Group, Inc.*

JS 44C/SDNY
REV. 12/2005

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**PLAINTIFFS** Syska & Hennessy Group, Inc.

**DEFENDANTS** Yamasaki ~~International, LLC~~ Associates, Inc.

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Wasserman Grubin & Rogers, LLP
1700 Broadway, New York, NY 10019 (tel: 212-581-3320)

**ATTORNEYS (IF KNOWN)**

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

Action, pursuant to 28 U.S.C. 1332 (diversity/over $75,000), sounding in breach of contract, quantum meruit, unjust enrichment and account stated, seeking $1,934,380.61 for engineering services performed by plaintiff but unpaid by deft.

Has this or a similar case been previously filed in SDNY at any time? No ☒  Yes? ☐   Judge Previously Assigned

If yes, was this case  Vol.☐  Invol. ☐  Dismissed.  No ☐  Yes ☐   If yes, give date _____ & Case No. _____

(PLACE AN [x] IN ONE BOX ONLY)       NATURE OF SUIT

ACTIONS UNDER STATUTES

**TORTS**

**CONTRACT**
- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 151 MEDICARE ACT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
- [ ] 160 STOCKHOLDERS SUITS
- [x] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**PERSONAL INJURY**
- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**
- [ ] 362 PERSONAL INJURY - MED MALPRACTICE
- [ ] 365 PERSONAL INJURY PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**FORFEITURE/PENALTY**
- [ ] 610 AGRICULTURE
- [ ] 620 FOOD & DRUG
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 630 LIQUOR LAWS
- [ ] 640 RR & TRUCK
- [ ] 650 AIRLINE REGS
- [ ] 660 OCCUPATIONAL SAFETY/HEALTH
- [ ] 690 OTHER

**LABOR**
- [ ] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT RELATIONS
- [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
- [ ] 740 RAILWAY LABOR ACT
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**
- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 COPYRIGHTS
- [ ] 830 PATENT
- [ ] 840 TRADEMARK

**SOCIAL SECURITY**
- [ ] 861 MIA (1395FF)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC (405(g))
- [ ] 863 DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 TAXES
- [ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 410 ANTITRUST
- [ ] 430 BANKS & BANKING
- [ ] 450 COMMERCE/ICC RATES/ETC
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
- [ ] 480 CONSUMER CREDIT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 810 SELECTIVE SERVICE
- [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
- [ ] 875 CUSTOMER CHALLENGE 12 USC 3410
- [ ] 891 AGRICULTURE ACTS
- [ ] 892 ECONOMIC STABILIZATION ACT
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 894 ENERGY ALLOCATION ACT
- [ ] 895 FREEDOM OF INFORMATION ACT
- [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES
- [ ] 890 OTHER STATUTORY ACTIONS

**REAL PROPERTY**
- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 246 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**
- [ ] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING ACCOMMODATIONS
- [ ] 444 WELFARE
- [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
- [ ] 446 AMERICANS WITH DISABILITIES -OTHER
- [ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**
- [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
- [ ] 530 HABEAS CORPUS
- [ ] 535 DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER
- [ ] 550 CIVIL RIGHTS
- [ ] 555 PRISON CONDITION

Check if demanded in complaint: _____

CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE: **No**

DEMAND $ 1,934,380.61  OTHER _____   JUDGE _____ DOCKET NUMBER _____

Check YES only if demanded in complaint
JURY DEMAND: ☒ YES  ☐ NO

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

(PLACE AN x IN ONE BOX ONLY)

**ORIGIN**

- [X] 1 Original Proceeding
- [ ] 2a. Removed from State Court
- [ ] 2b. Removed from State Court AND at least one party is a pro se litigant
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from (Specify District)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judge Judgment

(PLACE AN x IN ONE BOX ONLY)   **BASIS OF JURISDICTION**   IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1332, 1441)

- [ ] 1 U.S. PLAINTIFF
- [ ] 2 U.S. DEFENDANT
- [ ] 3 FEDERAL QUESTION (U.S. NOT A PARTY)
- [X] 4 DIVERSITY

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 | [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 | [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 | [X]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 | [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [X]4 | [ ]4 | FOREIGN NATION | [ ]6 | [ ]6 |

**PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)**

Syska & Hennessey Group, Inc.
11 W. 42nd Street
New York (New York County), New York 10036

**DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)**

Yamasaki Associates, Inc.
900 Tower Drive
Troy (Oakland County), Michigan 48098

**DEFENDANT(S) ADDRESS UNKNOWN**
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one: THIS ACTION SHOULD BE ASSIGNED TO:   [ ] WHITE PLAINS   [X] FOLEY SQUARE
(DO NOT check either box if this a PRISONER PETITION.)

DATE 3/14/08   SIGNATURE OF ATTORNEY OF RECORD   ADMITTED TO PRACTICE IN THIS DISTRICT
RECEIPT #   Michael T. Rogers   [ ] NO
[X] YES (DATE ADMITTED Mo. 9 Yr. 98)
Attorney Bar Code # MR-8813

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)