UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

SYSKA HENNESSY GROUP, INC.,

        Plaintiff,

v.

YAMASAKI ASSOCIATES, INC.

        Defendant.

---------------------------------------------------------X

Case No. 08-CV-02771 (CM)

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Yamasaki Associates, Inc., by and through its attorneys, Zetlin & De Chiara LLP responds to Plaintiff's Complaint as follows:

## NATURE OF THE CASE

1. Defendant Yamasaki Associates, Inc. ("Yamasaki") denies each and every allegation contained in paragraph one (1) of Plaintiff's Complaint and denies that it owes any sum of money to Plaintiff Syska Hennessy Group, Inc. ("Syska").

## THE PARTIES

2.     Defendant Yamasaki denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph two (2) of Plaintiff's Complaint.

3.     Defendant Yamasaki admits the allegations contained in paragraph three (3) of Plaintiff's Complaint.

## JURISDICTION AND VENUE

4.     Defendant Yamasaki denies the allegations contained in paragraph four (4) of Plaintiff's Complaint due to the fact that under the first-to-file rule, jurisdiction was obtained in the matter of Yamasaki Associates, Inc. v Syska Hennessy Group, Inc., case number 2:08-cv-11540 pending before the Honorable Julian Abele Cook in the United States District Court, Eastern District of Michigan, Southern Division.

5.     Defendant Yamasaki denies the allegations contained in paragraph five (5) of Plaintiff's Complaint due to the fact that under the first-to-file rule, jurisdiction and venue were appropriately obtained in the matter of Yamasaki Associates, Inc. v Syska Hennessy Group, Inc., case number 2:08-cv-11540 pending before the

Honorable Julian Abele Cook in the United States District Court, Eastern District of Michigan, Southern Division.

## FACTUAL BACKGROUND

### The Project

6. Defendant Yamasaki denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph six (6) of Plaintiff's Complaint.

7. Defendant Yamasaki denies the allegations contained in paragraph seven (7) of Plaintiff's Complaint except admits that it was retained to perform certain architectural services and retained engineers to provide certain engineering services.

### Syska-Yamasaki Agreement

8. Defendant Yamasaki admits it retained Syska to provide certain engineering services for the project. Yamasaki denies the remaining allegations in paragraph eight (8) of Plaintiff's Complaint.

9. Defendant Yamasaki denies the allegations contained in paragraph nine (9) of Plaintiff's Complaint.

10. Defendant Yamasaki denies the allegations contained in paragraph ten (10) of Plaintiff's Complaint.

11. Defendant Yamasaki denies the allegations contained in paragraph eleven (11) of Plaintiff's Complaint and respectfully refers this honorable Court to the referenced agreement for its terms and conditions.

12. Defendant Yamasaki denies the allegations contained in paragraph twelve (12) of Plaintiff's Complaint.

13. Defendant Yamasaki denies the allegations contained in paragraph thirteen (13) of Plaintiff's Complaint.

14. Defendant Yamasaki denies the allegations contained in paragraph fourteen (14) of Plaintiff's Complaint.

15. Defendant Yamasaki denies the allegations contained in paragraph fifteen (15) of Plaintiff's Complaint.

## Yamasaki's Failures on the Project

16. Defendant Yamasaki denies the allegations contained in paragraph sixteen (16) of Plaintiff's Complaint.

17. Defendant Yamasaki lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph seventeen (17) of Plaintiff's Complaint.

18. Defendant Yamasaki denies the allegations contained in paragraph eighteen (18) of Plaintiff's Complaint.

19. Defendant Yamasaki denies the allegations contained in paragraph nineteen (19) of Plaintiff's Complaint.

20. Defendant Yamasaki denies the allegations contained in paragraph twenty (20) of Plaintiff's Complaint.

21. Defendant Yamasaki lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph twenty-one (21) of Plaintiff's Complaint.

22. Defendant Yamasaki denies the allegations contained in paragraph twenty-two (22) of Plaintiff's Complaint.

## FIRST CAUSE OF ACTION

23. Defendant Yamasaki repeats, reiterates and realleges its responses as set forth in Paragraphs 1 through 22 above as if set forth at length herein.

24. Defendant Yamasaki denies the allegations contained in paragraph twenty-four (24) of Plaintiff's Complaint.

25. Defendant Yamasaki denies the allegations contained in paragraph twenty-five (25) of Plaintiff's Complaint for the reason that same are untrue.

26. Defendant Yamasaki denies the allegations contained in paragraph twenty-six (26) of Plaintiff's Complaint and respectfully refers this honorable Court to the referenced agreement for its terms and conditions.

27. Defendant Yamasaki denies the allegations contained in paragraph twenty-seven (27) of Plaintiff's Complaint, except that Defendant Yamasaki admits it paid Syska $3,178,817.963.

28. Defendant Yamasaki denies the allegations contained in paragraph twenty-eight (28) of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION

29. Defendant Yamasaki repeats, reiterates and realleges its responses as set forth in Paragraphs 1 through 28 above as if set forth at length herein

30. Defendant Yamasaki denies the allegations contained in paragraph thirty (30) of Plaintiff's Complaint.

31. Defendant Yamasaki admits payment to Syska but denies the remaining allegations contained in paragraph thirty-one (31) of Plaintiff's Complaint.

32. Defendant Yamasaki denies the allegations contained in paragraph thirty-two (32) of Plaintiff's Complaint.

33. Defendant Yamasaki denies the allegations contained in paragraph thirty-three (33) of Plaintiff's Complaint.

## THIRD CAUSE OF ACTION

34. Defendant Yamasaki repeats, reiterates and realleges its responses as set forth in Paragraphs 1 through 33 above as if set forth at length herein.

35. Defendant Yamasaki lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph thirty-five (35) of Plaintiff's Complaint.

36. Defendant Yamasaki lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph thirty-six (36) of Plaintiff's Complaint.

37. Defendant Yamasaki denies the allegations contained in paragraph thirty-seven (37) of Plaintiff's Complaint.

38. Defendant Yamasaki denies the allegations contained in paragraph thirty-eight (38) of Plaintiff's Complaint.

39. Defendant Yamasaki denies the allegations contained in paragraph thirty-nine (39) of Plaintiff's Complaint.

40. Defendant Yamasaki denies the allegations contained in paragraph forty (40) of Plaintiff's Complaint.

## FOURTH CAUSE OF ACTION

41. Defendant Yamasaki repeats, reiterates and realleges its responses as set forth in Paragraphs 1 through 40 above as if set forth at length herein.

42. Defendant Yamasaki denies the allegations contained in paragraph forty-two (42) of Plaintiff's Complaint.

43. Defendant Yamasaki denies the allegations contained in paragraph forty-three (43) of Plaintiff's Complaint.

44. Defendant Yamasaki denies the allegations contained in paragraph forty-four (44) of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are subject to an arbitration clause.

2. Plaintiff's prior breach of agreement excuses Defendant's performance.

3. Plaintiff has failed to mitigate its damages.

4. Plaintiff's claims are barred by the lack of jurisdiction as a prior action between the same parties, involving similar issues, is pending in the United States District Court, Eastern District of Michigan, Southern Division.

5. Plaintiff's claims are barred by the set-off claims available to Defendant.

6. Plaintiff's claims are barred by the statute of frauds.

7. Plaintiff's claims are barred by the doctrine of unclean hands.

8. Defendant reserves the right to add such additional and further Affirmative Defenses that may be revealed or disclosed at any time through Trial in this matter.

9. The claims alleged in the Complaint are barred by the doctrine of waiver.

10. Plaintiff failed to perform all of the conditions precedent of the contract alleged in the Complaint, required on its part to be performed.

## AS AND FOR A COUNTERCLAIM AGAINST SYSKA & HENNESSY GROUP, INC.

1. Defendant/Counter-Plaintiff Yamasaki Associates, Inc., is a corporation duly organized under the laws of the State of Michigan and provides architectural services both nationally and internationally.

2. Syska Hennessy Group, Inc. is a corporation duly organized under the laws of the State of New York and provides engineering services for clients both nationally and internationally.

3. Regarding jurisdiction and venue, a prior action between the parties involving the similar issues is pending in the United States District Court, Eastern District of Michigan, Southern Division. Should jurisdiction or venue be removed from this prior action, then Defendant/Counter-Plaintiff alternately submits that jurisdiction and venue are appropriate in this Court.

4. The amount in controversy herein exceeds the sum of $75,000.00.

5. Defendant/Counter-Plaintiff herein reasserts and realleges each and every allegation contained in paragraphs one (1) through four (4) of this Counterclaim as if set forth herein word for word and paragraph for paragraph.

6. Yamasaki Associates, Inc. ("Yamasaki") provides design and architectural services on a project in Doha, Qatar known as the Qatar Education City National Convention Center ("the Project").

7. On May 5, 2006, Syska Hennessy Group, Inc. ("SHG") provided a proposal to Yamasaki to provide engineering services for the Project.

8. On July 13, 2006 Yamasaki approved an Interim Agreement authorizing SHG to perform engineering services for $400,000.00 up to July 31, 2006.

9. On or around October 6, 2006 Yamasaki tendered to Syska a contract proposal for the performance of engineering services on the Project.

10. SHG performed engineering services on the Project through approximately November 2007, by express or implied agreement with Yamasaki.

11. SHG breached its agreement and obligations to Yamasaki in various ways, including, but not limited to the following:

    A. Providing inferior quality work;

    B. Providing untimely services; and,

    C. Issuing invoices with excessive billings.

12. Yamasaki paid SHG more than the reasonable value of services provided by SHG, thus Yamasaki has suffered damages including, but not limited to, consequential damages, in an amount to be determined by the trier of fact, but which greatly exceeds $75,000.00.

13. Significant portions of the services performed by SHG were unacceptable to Yamasaki and its client, requiring Yamasaki to expend time, resources and additional money damages for replacement services.

WHEREFORE, Defendant/Counter-Plaintiff Yamasaki Associates, Inc., by and through its attorneys, Zetlin & De Chiara LLP hereby relies on the jury demand previously filed by the Plaintiff and hereby demands judgment dismissing the Plaintiff's Complaint, and awarding judgment in favor of Yamasaki Associates, Inc.'s counterclaim against Plaintiff/Counter-Defendant, Syska Hennessy Group, Inc., in an amount to be determined by the trier of fact together with costs, interest and attorney fees and for

such other relief as this Court may deem equitable.

Dated: New York, New York
       May 7, 2008

                                              Zetlin & De Chiara LLP

                                              By: /s/ Michael J. Vardaro
                                                  Michael J. Vardaro
                                            Attorneys for Defendant
                                            Yamasaki Associates, Inc.
                                            801 Second Avenue
                                            New York, New York  10017
                                            (212) 682-6800